May it please the Court, good morning, Your Honors. My name is Richard Timor, and I represent the petitioner-appellant in this matter, Jorge Rico. And with the Court's permission, I'd like to reserve a couple of minutes of my time for rebuttal. Just keep your eye on the clock, Counsel. I will, Your Honor. Your Honors, Mr. Rico was denied counsel at a critical stage when the State Trial Court judge failed to inform his attorney that, mid-deliberation, that there was a request for an instruction and a note from the jury. This, under United States Supreme Court case chronic, is a structural error that requires automatic reversal. Which Supreme Court case do you refer to? That's chronic, Your Honor. Oh, chronic, okay. Chronic. The threshold question that I believe that I want to address is whether or not this issue was presented to the District Court in the first instance. And I submit to the Court that it, in fact, was submitted to the District Court. What happened in this case is that the District Court looked at Mr. Rico's petition, which is a form petition that is provided to prisoners, and it provides very little space within which to put in their claims. And what Mr. Rico did, and this is at excerpt of Record 42, is he described the constitutional violation as having an unfair trial. In the factual sentence, which is factual part of that form, there is probably about three lines to describe facts. At the end of that particular section, Mr. Rico referred the District Court to his memorandum of points and authorities. And in the memorandum of points and authorities, Mr. Rico specifically put in there the facts surrounding the noncontact with his attorney once a note from the jury came to the trial court. And specifically, and it's important to note, I mean, it really, I'll read it to the Court. This is from excerpt of Record 147 to 50. Mr. Rico says, Petitioner's trial counsel was never advised by the Court, the clerk, the bailiff, or anyone that the jury had been given the verdict form, and he was never advised by anyone that the jurors had sent a note to the Court about the document. Counsel has declared that he has known that the jury had received and considered the form. He would have moved for a mistrial or, following the verdict, would have moved for a new trial. Counsel, are you making the argument that this is a deprivation of counsel at a critical stage? Yes, Your Honor, I am. Was that preserved in the State court? This is a habeas case we're in right now, right? It is, Your Honor. And what happened in the State court was that Mr. Rico filed a direct appeal. Concurrent with that direct appeal, he filed a State habeas corpus petition. And in the State habeas corpus petition, he gave the Court the facts surrounding the structural violation of not informing his counsel about a note from the jury. Now, what the District Court did was that the District Court found that the California Court of Appeals, on a direct appeal, did consider the facts that were submitted to the Court of Appeals in the Mr. Rico's State habeas corpus petition. So the District Court found that the Direct Appeals Court did consider the submissions from the State habeas corpus petition. And to answer your question, Judge, it was presented to the State Court of Appeals. And also, I just wanted to direct the Court to Haynes v. Koerner, which says that when a pro se, and that's a United States Supreme Court case, says that when a pro se litigant files pleadings, you don't hold that pro se litigant to the same standards that you would to any lawyer. I mean, it just makes sense. But certainly, in this case, the Supreme Court, in terms of presentation to both the California appellate courts and to the District Court from a pro se litigant, all the necessary elements are there, and this Court and the District Court should have decided that issue. Well, what about the merits of the information getting to the jury in the first place? I'm sorry, Your Honor, I'm not quite following the merits of the jury hearing that the conviction was assault with a firearm. The firearm is the crucial point, is it not? No. Well, it is not the crucial point. The crucial point, in my view, is that it was an assault with a firearm, and that was specifically the trial attorneys specifically tried to keep that type of information out because of its prejudicial value. But the jury was aware of a conviction. The jury was aware of a conviction, of a violent felony, and it was gang-related. But what they weren't aware of, that it was an assault with a firearm. And that, Your Honor, is the crucial point. What does assault with a firearm add to that? It adds, it is a, it's a dimension that it includes, if you think about it, can range anywhere from a pistol whipping to a shooting at somebody, which is, in fact, what the prior, what the prior act actually was, was it was shooting somebody in the groin with a buckshot, essentially, is what it was. And the difference, Your Honor, to answer your question, the difference between just being a violent felony is the type of violent felony. Now, there are different ways to be convicted of a violent felony without having anything to do with the actual act of violence. You could aid and abet. You can be there at the time. You could encourage, those sorts of things. But when a jury hears that you have been convicted of an assault with a firearm, that puts you directly into a management position, let's say, of what is happening with what you are currently being charged with. What about the application of the ten-factor test in this case? Well, Your Honor, those ten factors, I think, were addressed in our briefing. I don't want to go over them again unless the Court has specifics about that. I do think that based on our arguments in our briefing that it was indeed prejudicial. I do think, however, that that is secondary to my argument. But the judge found contrary, and I guess what I – the reason I ask the question is precisely what are you relying on that showed prejudice that the judge overlooked in the ten-factor test? Well, Your Honor, I disagreed with the Court's analysis, and I enumerated that in my brief. However, I don't think that the Court even needs to get to that if the Court finds that there was a structural violation with the failure of my – with trial counsel to be informed of when there was a note from the jury. I mean, that's such an egregious violation under Supreme Court precedent, chronic. This Court's en banc decision in Ms. Ladin and – or excuse me, en banc decision in France and as directed by Ms. Ladin. And I note that now I'm about an hour and – or excuse me, 1 minute and 30 seconds, so I'd like to reserve the rest of my time. You may do so, counsel. Thank you, Your Honor. We'll hear from the government. May it please the Court. Michelle Swanson on behalf of Respondent Worden. I'm just going to limit my comments to the only certified issue that's before this Court. I believe I have addressed the arguments just raised with respect to the uncertified issue in my brief. The State Court found that any Federal constitutional error in this case with respect to the erroneous submission of the jury verdict form in the jury room during deliberations was harmless. But, counsel, that kind of evades what happened here. The bailiff wasn't freelancing, I assume, when he went in to retrieve that form. He was acting at the behest of the trial judge. Yes, I would assume so. Okay. So the difference between we submitted, inadvertently presented the jury with a possibly prejudicial document, versus saying, oops, let's go in and retrieve it, and we won't tell anyone that we retrieved it and that they ever reviewed it. Isn't that a different situation than simply if we had the judge had called the parties and said, we've got a mistake here, here's how I'm going to handle it, I'll give them a limiting instruction, versus what happened here. We'll just pretend like no one knows about it. Well, that would be a claim of judicial misconduct. And no claim of judicial misconduct was ever raised in the State court or in the Federal court, as Judge Chen found. Well, we do have a claim that the appellant was deprived of counsel at a critical stage because counsel could have raised arguments before the trial court had counsel known about what took place. That was not raised at all in either the State court or the Federal court. There was never a chronic claim raised. Now, the appellant argues that, in fact, it was presented to the State court of appeals and that it was a juror misconduct claim. Do you agree? I disagree. It was not. The only claim that was presented at the State court of appeals was a juror misconduct claim. That is it. So moving back to the juror misconduct claim, this Court is bound under the United States Supreme Court's most recent decision of Davis v. Ayala by the deferential AEDPA standard of review. And in Davis, the Court explained that the Brecht standard subsumes that deferential standard of review. Davis also reaffirmed that the Brecht standard involves a showing, it has to show, that there has to be a showing of actual prejudice for a defendant to win under that standard, which is very onerous. Here, there was no substantial and injurious effect or influence on the jury's judgment when they saw this verdict form. And I, just quickly to address the ten-factor analysis that the Ninth Circuit has used in the past, both on direct review cases and in federal habeas cases, I believe I pointed out in my case, the State court is not bound by that ten-factor test. I went through it since it is something that the Ninth Circuit finds helpful. But even assuming that the jury had looked at this right away and they considered it before their verdicts, the record before the court shows that it would not have had an impact on their verdicts. They already had before it evidence, extremely compelling evidence of all of the defendant's guilt. They had ‑‑ So you're not arguing the jury didn't look at the document? Oh, no. I'm not saying that. They ‑‑ You sent a note about it. Yes. And the State courts took this as true but found no prejudice. And so ‑‑ but the point is, is that the jury had before it overwhelming evidence of guilt. There was eyewitness testimony of what happened. There was eyewitness testimony identifying the defendant's SUV at the scene and its involvement, its occupant's involvement in the crimes. The police pulled over the SUV right after the crime. The defendant was driving. The defendant did not deny that he was the driver during his closing argument. He also did not deny that he was a gang member. Don't the trial court's actions, though, imply an understanding of error? Why else would you tell the bailiff to retrieve this and not inform the parties? Again, that would be a judicial misconduct claim and that is not something that I am not familiar with the standards that would govern such a claim. Here we're just trying to determine what effect that that juridic form ‑‑ I'm sorry, the verdict form would have had on the jury. And here there was already evidence of that prior. The juror in his declaration indicated that they understood that this related to that prior but they were confused because, as he said, they knew they didn't have evidence as to what the prior actually was beyond it being a gang‑related violent felony for which the defendant served a substantial sentence. So they also had limiting instructions with respect to that. And this was not a case where the jury deliberated for days. There was no indication that they were confused by the evidence or were struggling with the fact of the defendant's guilt. I think also the jury's actions and after they determined, hey, we don't know what this is, we don't remember hearing about this, we don't remember being asked to decide this issue, that they contacted the court and said what do we do, and the court took it away. Now, the court didn't give them any further instruction, but I would think that taking that away was implicitly you're not to decide this because it's not before them anymore. Let's see. And I believe based on the totality of the record, the state court reasonably concluded that the, you know, inadvertent submission of this verdict form to the jury was harmless. Counsel, when the judge first got this information and made a determination not to say anything or didn't say anything, was the prosecution notified in any way or was neither lawyer on either side involved? There's no information with respect to that in the record, so I don't know. So what we have is a judge independently acting, neither side received any information. But later on, the court did hold a hearing on Pavel's motion for a new trial. At that point, there was a determination made. Counsel for the defense did argue at that point. It went through the whole thing, right? Yes. Okay. Unless there are any further questions, I'm prepared to submit on my brief. Thank you, counsel. Thank you. Mr. Tomore, you have some reserve time. Yes, Your Honor. Thank you. Just briefly, in terms of whether or not the matter was submitted for decision or the issue was submitted to the California Court of Appeals, at Excerpt of Record 363, that's the state court petition for habeas corpus, counsel for Mr. Rico did identify that the constitutional violation of a right to a fair trial, an impartial jury, and within those sections from 363 to 365, counsel did identify that the constitutional violation of a right to a fair trial was not a right of the state. If the case is a fair trial, counsel did identify that the constitutional violation of a right to a fair trial was not a right of the state. Counsel, what I'm asking is, does this case, in some way, elucidate on the facts about the jury sending out a note requesting instruction from the judge and they had received some information that they didn't know what to do. So it was presented to the straight trial court. Counsel, may I ask you this question? If I understood counsel from the government correctly, she suggested that much of what you had said in your original presentation focused exclusively on non-certified issues. What's your response to that? My response is, Your Honor, is that what the district court did was certify the denial of the petition for writ of habeas corpus. So, and my argument is that the issue of trial counsel not being notified was within the petition of writ of habeas corpus for the reasons that I talked about during my earlier sessions, and therefore, the denial of the certificate of appealability necessarily includes things that even the trial court, excuse me, the district court did not take into consideration, namely, the structural error under chronic and was laid in. But the specific point that you raised was part of a, if you will, a question that was raised and was denied certification, right? Yes. Okay. Yes. Yes, that's correct. And just in closing, Your Honor, I would just like to say that what we're talking  about, had the trial judge, straight trial court judge, did exactly what he did and did nothing, after having notified defense counsel and the prosecutor and requested their input on it, I don't think I would have an argument here. But what happened is that he was denied counsel at that critical stage, and that is what is the problem with what happened here. What happened here under chronic requires automatic reversal. Thank you. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, M. Smith, Morris